IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04595-RBJ

LUIS NOGUERRA RODRIGUEZ,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Luis Noguerra Rodriguez's ("Petitioner") Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition). ECF No. 1.

The Petition alleges that Petitioner is a 26-year-old citizen of Venezuela currently detained by Immigration and Customs Enforcement at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 2, 8. Petitioner entered the United States on or about December 3, 2021, and filed for Temporary Protected Status ("TPS"). The Department of Homeland Security ("DHS") approved Petitioner's application and granted him TPS valid until April 4, 2026. *Id.* DHS also provided Petitioner with a work permit and Social Security Number. *Id.*

Since then, Petitioner has lived in the United States with his wife and two children and has worked pursuant to his employment authorization. *Id.* The Petition maintains that he has no criminal history. *Id.*

On August 25, 2026, while Petitioner was in the process of reapplying for TPS, Respondents pulled over Petitioner during his work as an Uber driver. *Id.* Petitioner provided his driver's license and work permit to officers, but they told him that he was being detained because of his involvement in the "Tren de Aragua gang." *Id.* Petitioner asserts that he is not a gang member, no evidence of Respondents' claim has been provided to him, he was not served with a warrant, and there were no allegations that he was driving unlawfully. *Id.* at 2, 8, 11. After Respondents arrested Petitioner, they issued him a Notice to Appear. *Id.*; ECF No. 1-2 at 11.

Petitioner requested a bond hearing, but an Immigration Judge told him that he was ineligible and that if he did not withdraw the request she would deny it. ECF No. 1 at 8; ECF No. 1-2 at 15. Petitioner also sought asylum, withholding of removal, and protection under the Convention Against Torture. ECF No. 1 at 9. His claims are currently pending before the immigration court. *Id.*

The Petition challenges the constitutional adequacy of the process supporting Petitioner's present detention. *Id.* at 3. Petitioner requests that this court order his immediate release under reasonable noncustodial conditions, or, alternatively, order a constitutionally sufficient bond hearing. *Id.* In support, the Petition asserts that

Petitioner's warrantless arrest was unconstitutional, his initial detention without a pre-deprivation hearing violated due process, and his continued detention lacks specific justification required by the Constitution and United States law. *Id.* at 12-17.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins Respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording Respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for Petitioner is directed by Wednesday, September 23, 2026, to: (1) serve Respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

Within seven days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins*, 1:25-

cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (stating that 28 U.S.C. § 2243's three-day deadline is "subordinate to the district court's authority to set deadlines") (citation omitted).

Dated: September 18, 2026. BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge